McDONALD, J.
dissenting.
ItI disagree with the majority in this case, because I do not think the executive branch exceeded the express statutory delegation of lawmaking authority conferred upon it by the Louisiana Homeland Security and Emergency Assistance and Disaster Act (HSEADA), La. R.S. 29:721 et seq.
The executive branch may execute legislative functions if the legislature expressly so delegates in a statute. State v. Miller, 2003-0206 (La.10/21/03), 857 So.2d 423, 428. The HSEADA allows the governor of Louisiana to declare a state of emergency to protect Louisiana citizens. La. R.S. 29:722. To -accomplish this goal, the HSEADA expressly delegates lawmaking authority to the executive branch by giving the governor the authority “to issue executive orders, proclamations, and regulations” to effectuate the provisions of the HSEADA. La. R.S. 29:724(A). The Governor’s authority includes the power to suspend regulatory statutes or agency orders, rules, etc., under La. R.S. 29:724(D), but is not limited to the suspension of such regulatory statutes or agency orders, etc. under that statute. Thus, contrary to the majority finding that “there is no provision in La. R.S. 29:724 that permits the governor to enact substantive law,” I interpret La. R.S.29:724(A)’s grant of authority to the governor “to issue executive orders, proclamations, and regulations” to be an express delegation of lawmaking authority which is in addition to La. R.S. 29:724(D)(l)’s authority to suspend regulatory statutes or agency orders, rules, etc.
12Further, a delegation of legislative authority to the executive branch is constitutional, and is not a violation of the separation of powers doctrine, provided the legislature statutorily establishes standards for the guidance of the executive or administrative body or officer so that the executive is not vested with arbitrary discretion. Miller, 857 So.2d at 427. In this case, Governor Jindal issued Executive Order No. BJ 2012-16, transferring his authority to Commissioner Donelon to implement Rule 26 (see § 1 of the executive order) and giving Commissioner Donelon authority to suspend statutes and to issue rules necessary for Rule 26 and to protect the public health (see section § 2 of the executive order). As part of this authority, Commissioner Donelon promulgated Sections §§ 4719 and 4721 (as amended), *690 temporarily banning out of network providers from balance billing Louisiana insureds (limited to those insureds in 23 parishes and who gave specific notice to their insurers) for the limited time period of September 8 through September 25, 2012. Given the narrow application of section §§ 4719 and 4721, which evidenced a reasonable exercise of discretion, and considering the scope of the emergency powers the legislature granted to the governor during state disasters, I think Governor Jindal, through his dele-gee Commissioner Donelon, was well within his authority under the HSEADA, to take this action in the aftermath of Hurricane Isaac.
For these reasons, I respectfully dissent.